## IN RE: AIR CRASH OVER THE MID-ATLANTIC ON JUNE 1, 2009.

### No. MDL 2144.

United States Judicial Panel on Multidistrict Litigation.

April 14, 2010.

Before KATHRYN H. VRATIL, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR.*, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER *, Judges of the Panel.

## TRANSFER ORDER

KATHRYN H. VRATIL, Acting Chairman.

**Before the entire Panel \*:** Certain defendants [1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Texas. Plaintiffs in the Southern District of Texas action, plaintiff in a potentially-related action pending in the Northern District of California, and defendant Société Air France (Air France) support centralization in the Southern District of Texas.[2] Plaintiffs in the Northern District of California and Northern District of Illinois actions suggest centralization in the Northern District of California.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the Northern District of California, the North-

---

\* Judge Heyburn, Judge Miller and Judge Trager did not participate in the disposition of this matter.

1. Airbus S.A.S.; Honeywell International, Inc.; Rockwell Collins, Inc.; Thales Avionics, S.A.; Thales U.S.A., Inc.; Motorola, Inc.; Intel Corp.; Hamilton Sundstrand Corp.; General Electric Co.; GE Aviation Systems, LLC;

Rosemount Aerospace Inc.; E.I. du Pont de Nemours and Corp.; and Raychem Corp.

2. The Southern District of Texas plaintiffs also acknowledge that the Northern District of California is an appropriate transferee district.

ern District of Illinois and the Southern District of Texas.[3]

On the basis of the papers filed and hearing session held, we find that all actions before the Panel involve common questions of fact and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of Air France Flight 447 off the coast of Brazil on June 1, 2009. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee district. Three actions are now pending in that district, and two defendants maintain their principal places of business within that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2144—IN RE: AIR CRASH OVER THE MID–ATLANTIC ON JUNE 1, 2009

*Northern District of California*

*Margita Gergelova, et al. v. Airbus S.A.S., et al.*, C.A. No. 3:09–5020

---

**3.** The parties have notified the Panel that 31 additional related actions are pending, 28 actions in the Southern District of Florida, two actions in the Northern District of California,

*Northern District of Illinois*

*Rosilene Hemme, et al. v. Airbus S.A.S, et al.*, C.A. No. 1:09–7239

*Southern District of Texas*

*Hampton Harris, et al. v. Societe Air France, et al.*, C.A. No. 4:09–3155

---

and one action in the Southern District of Texas. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).